UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MELISSA KALAR,<br>    **Plaintiff,**<br><br>V.<br><br>ANDREW SAUL, Commissioner of<br>Social Security,<br>    **Defendant.** | CIVIL ACTION NO. 5:16-457-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on cross motions for summary judgment. Plaintiff Melissa Kalar brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision to deny her disability insurance benefits. (DE 1.) For the reasons stated below, the Court denies Plaintiff's motion for summary judgment, grants Defendant Andrew Saul,[1] Commissioner of Social Security's motion for summary judgment, and affirms the Commissioner's decision.

## Background

Plaintiff filed an application for disability insurance benefits on April 22, 2008, alleging disability beginning on February 1, 2001. (AR at 41.) The claim was initially denied on May 23, 2008, and upon reconsideration on August 5, 2008. (AR at 41.) A hearing was held before Administrative Law Judge Ronald M. Kayser on February 1, 2010, and ALJ Kayser denied Plaintiff's application on March 22, 2010. (AR at 41, 46.) After the Appeals Counsel

---

[1] Although Plaintiff's complaint named Carolyn W. Colvin, Acting Commissioner of Social Security, as Defendant (DE 1), pursuant to FED. R. CIV. P. 25(d), a public officer's successor may be automatically substituted as a party.

1

denied review of the ALJ's decision (AR at 32-35), Plaintiff filed an appeal to this Court. Finding that "there has plainly been a violation of the regulations at 20 C.F.R. § 404.1527(d)(2) in the present case," the Court remanded the decision for further consideration. *Kalar v. Comm'r of Soc. Sec.*, No. 10-CV-428-GWU, 2011 WL 5326072, at *3-*4 (E.D. Ky. Nov. 3, 2011).

ALJ Kayser held another hearing on December 11, 2012, and, on January 14, 2013, again denied the application, concluding that Plaintiff was not under a disability from February 1, 2001 through the date last insured. (AR at 584, 591.) In denying Plaintiff's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act, 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that "[t]he claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 1, 2001 through her date last insured of March 31, 2001." (AR at 586.)

At step two, the ALJ determined that "[t]hrough the date last insured, the claimant had the following severe impairments: fibromyalgia, tension headaches, and obesity." (AR at 587.)

At step three, the ALJ determined that "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR at 587.)

>Before proceeding to step four, the ALJ determined that –
>
>>through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) except that she could not climb ropes, scaffolds or ladders; was limited to frequently climbing ramps and stairs, balancing, crawling, stopping, crouching and kneeling; and could not work around unprotected heights and dangerous machinery.

(AR at 588.) At step four, the ALJ determined that "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a teacher aide," and that "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR at 590.) The ALJ also determined that "considering the claimant's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed." (AR at 590.) In making this determination, the ALJ relied on a vocational expert, who testified that a hypothetical individual with those factors "would have been able to perform the requirements of a representative occupation such as janitor/cleaner." (AR at 591.) The ALJ thus concluded that "[t]he claimant was not under a disability, as defined in the Social Security Act, at any time from February 1, 2001, the alleged onset date, through March 31, 2001, the date last insured." (AR at 591.)

Plaintiff requested review of the ALJ's decision, but on February 6, 2015, the Appeals Counsel denied that request, finding that the decision addressed the issues and complied with the Court's remand. (AR at 575.) On December 15, 2016, Plaintiff filed an appeal to this Court. (DE 1.)[2] Plaintiff filed her motion for summary judgment on October 14, 2019 (DE 19), and the Commissioner filed his on December 3, 2019 (DE 23).

---

[2] Because the claim files of the ALJ's 2013 decision could not be located, the Commissioner filed a motion for remand on February 17, 2017 (DE 10); Plaintiff filed no objection to the motion to remand, which the Court granted on February 21, 2017 (DE 11). The Appeals Council having eventually located

3

## Analysis

### I. Standard

This Court's review of the decision by the ALJ "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under Sixth Circuit law, "[t]he substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion," and a court "will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations and internal quotation marks omitted). Under the Social Security Act's framework, "[t]he burden lies with the claimant to prove that she is disabled." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

### II. Discussion

Plaintiff first argues that the ALJ failed to consider the medical opinion of Dr. Suzanne Pica – specifically, the functional capacity evaluation that she had completed, memorialized in Exhibit 22F (DE 19-1 at 2-3). However, the ALJ's decision includes explicit discussion of Dr. Pica's medical opinion and Exhibit 22F, noting that while Dr. Pica had stated "that the claimant was very limited… her opinion was expressed over 8 years after the claimant was last insured for benefits (Exhibit 22F) and… the evidence does not show that the claimant had some of the impairments cited by Dr. Pica during the relevant period, or that they were 'severe' during that period." (AR at 589.) Plaintiff argues, further, that although the medical opinion of Dr. James Owen would have helped to corroborate Dr. Pica's findings, it was not discussed in the ALJ's reasoning. (DE 19-1 at 3.) However, Dr. Owen examined Plaintiff in July 2012 and did not offer an opinion as to whether Plaintiff's condition

---

the files of the ALJ's 2013 decision, the Commissioner filed a motion to redocket the case on May 31, 2019 (DE 12), which the Court granted on June 5, 2019 (DE 15).

and symptoms would have been present during the timeframe at issue in this case. (AR at 754.) "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) (citation omitted). Even if Dr. Owen had given a retrospective medical opinion on what the state of Plaintiff's condition and symptoms had been more than ten years earlier, the Sixth Circuit has found that such evidence "is not entitled to significant weight." *Id.*

Plaintiff also argues that that a medical expert upon whose opinion the ALJ relied, Dr. H.C. Alexander, gave "only tangentially relevant" testimony, which was "disorganized and rambling" and produced so many inaudible "gaps" in the transcript that the Court must accept the conclusion "that the Commissioner had failed to provide a complete administrative record upon which the Court can fairly adjudicate whether the Commissioner's decision is supported by substantial evidence." (DE 19-1 at 4-5.) Simply put, Plaintiff fails to provide any legal support for the proposition that her claims about Dr. Alexander's testimony necessarily render a determination that the ALJ's decision was unsupported by substantial evidence. Plaintiff does not argue – nor does anything in the briefing or administrative record support the conclusion – that the inaudible portions of Dr. Alexander's testimony, had they been made clear in the transcript, would have supported her disability claims. "Absent an indication that the missing portion of the transcript would bolster [Plaintiff's] arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record." *Williams v. Comm'r of Soc. Sec.*, 289 F.3d 556, 557-58 (8th Cir. 2002) (citations omitted).

## Conclusion

Accordingly, the Court hereby ORDERS that:

1) Plaintiff's motion for summary judgment (DE 19) is DENIED;

2) Defendant's motion for summary judgment (DE 23) is GRANTED;

5

3) the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), as it was supported by substantial evidence and was decided by proper legal standards; and

4) a judgment will be entered contemporaneously with this order.

Dated June 10, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY